UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| KEITH HOWARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:06-cv-102 |
| | ) |
| v. | ) Honorable Richard Alan Enslen |
| | ) |
| STATE OF MICHIGAN, *et al.*, | ) |
| | ) **ORDER** |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court upon Plaintiff's: (1) motions for temporary restraining order and preliminary injunction; (2) request for summons forms and for service of summons and complaint by the U.S. Marshall; and (3) motion for order requiring Defendants to make copies of his complaint and exhibits for purposes of service.

    I.    **Motions for temporary restraining order and preliminary injunction**

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider whether plaintiff has established: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County,* 274 F.3d 377, 400 (6th Cir. 2001); *Glover v. Johnson*, 855 F.2d 277, 282 (6th Cir. 1988). These factors are not prerequisites to the grant or denial of injunctive

relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

Plaintiff's action concerns the conditions of his confinement at the Standish Maximum Correctional Facility ("SMF"). In his motions, Plaintiff claims that he will suffer irreparable injury if he is not immediately removed from SMF. Because Plaintiff now has been transferred to a different facility, his motions for temporary restraining order and preliminary injunction will be denied as moot.

II.   **Motions regarding copies and service of the complaint**

In his motions, Plaintiff requests summons forms, an order requiring service of summons and complaint by the U.S. Marshall and an order requiring Defendants to make copies of his complaint and exhibits for purposes of service. The Court believes that such relief is unwarranted because the Order for Service and Michigan Department of Corrections policies provide sufficient mechanisms for free copies and service notwithstanding Plaintiff's indigence. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Dkt. Nos. 3 & 4) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Summons Forms and for Service of Summons and Complaint by the U.S. Marshall (Dkt. No. 8) and Motion for Order Requiring Defendants to make Copies of his Pleadings (Dkt. No. 10) are **DENIED** except as otherwise provided in the Order for Service.

DATED in Kalamazoo, MI:  
July 31, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE